# SMART *v.* VALENCIA

No. 2728

August 5, 1926.                                  248 P. 46.

1. APPEAL AND ERROR.

On appeal on judgment roll alone, requirement that only errors appearing on face of roll can be considered, *held* not to preclude consideration of outside records to show that clerical misprision in complaint had been corrected after judgment and pending appeal, which made amount of judgment correct.

2. PLEADING.

Trial court can order amendment of complaint to correct clerical misprision after judgment so as to make judgment speak truth, in view of Rev. Laws, sec. 5484.

3. APPEAL AND ERROR.

Trial court can correct clerical mistakes appearing on face of record after appeal, since it has not lost jurisdiction of its records.

4. PLEADING.

In action to recover overpayment on certain sheep, error in complaint in calculating amount paid *held* clerical rather than judicial, and therefore amendable.

5. APPEAL AND ERROR.

To appeal from judgment when entire relief sought could have been obtained on application to trial court is frivolous.

6. SALES.

Buyer of sheep can maintain action to recover amount overpaid by mutual mistake, though contract was entire and executed, notwithstanding uniform sales act (3 Rev. Laws, p. 3033), since under section 73 mistake should be given effect it would have at common law.

7. MONEY RECEIVED.

Money held by one person, to which another is equitably entitled, may be recovered in common-law action by latter on implied promise.

8. PARTNERSHIP.

Judgment against defendants individually *held* not error, though complaint was made to run against them as copartners.

9. APPEAL AND ERROR.

Clerical misprision in judgment roll *held* not to warrant reversal on appeal from judgment on judgment roll alone.

See (1, 3, 5, 9) 3 C. J. sec. 68, p. 335, n. 84; sec. 1382, p. 1266, n. 12; 4 C. J. sec. 2293, p. 518, n. 37; sec. 3047, p. 1062, n. 33; (2, 4) 31 Cyc. p. 405, n. 48; p. 439, n. 66; (6) 35 Cyc. p. 604, n. 65; (7) 27 Cyc. p. 849, n. 4; (8) 30 Cyc. p. 596, n. 52.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by L. S. Smart against Conceso Valencia and

others, copartners doing business under the name and style of the Conceso Valencia Company. Judgment for plaintiff, and defendants appeal. **Affirmed.**

*Price & Hawkins,* for Appellants:

If record contains amended complaint, original should be omitted. Page v. Walser, 46 Nev. 390.

Judgment must correspond with pleadings. Objection that judgment is not authorized by pleadings may be taken upon judgment roll alone. Frevert v. Henry, 14 Nev. 191.

There can be no recovery of part of consideration paid under entire or completed contract. Benjamin, Sales (7th ed.), 394.

Relief is afforded one who has paid more than he should by action for damages for breach of contract, or for rescission upon restoration of what he has received. Second Hand Supply Co. v. Boyd, 123 P. 619.

Mutual mistake, in law and equity, prevents agreement. Pleader may not both accept and repudiate contract. Miller v. Thompson, 40 Nev. 35.

If mutual mistake which invalidates contract is relied upon, uniform sales act does not apply and we are back upon common law, but if transaction was in fact a sale, act does apply. 3 Rev. Laws, p. 3051; Pope v. Ferguson, 82 N. J. L. 566.

Claim for money paid for which consideration has failed is predicated upon existence of contract. Miller v. Thompson, supra.

Though claim is against partnership, judgment is against individuals and is therefore wrong, as it must run against partnership property. Bearman v. Bracken, 240 P. 713.

Trial court can change findings only before notice of appeal is served and filed, or before motion for new trial is ruled upon. 3 Rev. Laws, 5227.

Appeal from judgment does not divest trial court of power to determine motion for new trial. 1 Hayne, New Trial (Rev. Ed.), 15.

Perfection of appeal divests trial court of jurisdiction

of all matters embraced in judgment appealed from, but does not deprive that court of jurisdiction to proceed upon any other matter in action, unless it is proceeding upon judgment or matters embraced therein. Trial court may not revoke, modify, or disturb its judgments except as provided by law. Eisenberg v. Superior Court, 226 P. 617.

While trial court has jurisdiction to determine motion for new trial, after appeal is perfected it does not have power to change fatal defect in complaint or to change findings, or to make orders relating to correctness of judgment, or to have further proceedings upon it. Rev. Laws, 5329; 2 Hayne, New Trial (Rev. Ed.), 1225.

*Cantwell & Springmeyer,* for Respondent:

Respondent moves that complete record and proceedings including all pleadings be made part of this record under Stats. 1923, c. 97, and rules 7 and 8 of this court. Record now sought to be filed corrects matters so largely dealt with in appellants' brief. Cause of action is clearly alleged.

This is not proceeding for reformation or rescission. Contract has been fully executed. It is proceeding in quasi contract for money received by appellants owing to mutual mistake in counting sheep. 13 C. J. 244; Miller v. Schloss, 133 N. E. 337; 27 Cyc. 866.

Being quasi contractual proceeding, uniform sales act does not apply. Respondent's remedy is to sue for overpayment.

Recovery may be had of money paid on mutual mistake. 3 Williston, Contracts, 2786. Hayes v. Hayes, 25 N. E. 600; 11 L. R. A. 376. Rescission of whole contract will not generally be allowed. Williston, 2781.

Statute allows large discretionary powers as to amendments. Rev. Laws, 5084. This statute should be liberally construed. Finnegan v. Ulmer, 31 Nev. 520.

Amendment may be permitted after judgment or findings, and even after appeal is perfected. Inadvertent mistake may be corrected whenever proper in furtherance of justice. 31 Cyc. 454; Carlisle v. Show Co., 163

N. W. 380; Lamb v. Ulrich, 221 P. 741; 163 N. W. 380.
31 Cyc. 435.

## OPINION

By the Court, SANDERS, J.:

This appeal is from a judgment upon the judgment
roll alone. The judgment roll does not include any bill
of exceptions, but consists simply of the pleadings,
findings of fact, judgment, notice, and undertaking on
appeal.

Appellants, defendants below, seek reversal of the
judgment upon several grounds: (1) That the com-
plaint does not state facts sufficient to constitute a
cause of action; (2) that the complaint and findings of
fact do not support the judgment; (3) that the judg-
ment in form is against law and is otherwise illegal for
the reasons assigned in argument.

The second amended complaint contains three causes
of action. The court found in favor of the plaintiff
upon the first cause of action, and rendered judgment
accordingly. The complaint for a first cause of action
alleges:

"I. That the defendants Conceso Valencia, Francisco
Valencia, and Amado Yriarte are now and during all
the times herein mentioned have been copartners doing
business under the name and style of Conceso Valencia
Company, and that they are residents of Washoe County,
Nevada.

"II. That on or about February 25, 1924, at Ely, Nev.,
plaintiff and defendants made and entered into an agree-
ment in writing whereby defendants sold and plaintiff
purchased a band of sheep to be delivered in Jack
Valley, Nev., on or about March 7, 1924, said sheep
being described, * * * at and for the price and
sum of $11 per head, and that plaintiff then and there
paid defendants the sum of $2,000 to be applied on said
purchase price.

"III. That thereafter, and on or about March 5, 1924,
the said band of sheep was delivered to plaintiff by
defendants in said Jack Valley, Nev., and plaintiff and

defendants then and there counted and caused to be counted the said sheep, but by mutual mistake and error they fixed the number of said sheep at 2,308, when in truth and in fact the said sheep numbered 2,208, and no more, which mistake was not discovered by plaintiff until two or three days thereafter. That immediately· after counting the said sheep as aforesaid, and on or about said March 5, 1924, at said Jack Valley, Nev., plaintiff paid defendants the sum of $21,630, neither plaintiff nor defendants then knowing of ·said mistake so as aforesaid made by them in counting the sheep in said band, and that included in said $21,630 there was an excess payment of $1,100, which was not then and there due or owing or payable from plaintiff to defendants on said transaction but was so paid solely on account of the said mutual mistake in counting said sheep, as aforesaid, and was paid for the use and benefit of plaintiff, which said sum of $1,100 defendants then and there promised to pay plaintiff.

"IV. That thereafter, and on or about March 15, 1924, plaintiff demanded of defendants the payment of the said sum of $1,100, but that defendants failed, neglected, and refused, and still and now fail, neglect, and refuse to pay the same, and that there is now due, owing, and unpaid from defendants to plaintiff the full sum of $1,100, with interest thereon at the legal rate from March 5, 1924."

The specific objection to the complaint is that it does not sufficiently show an indebtedness from the defendants to the plaintiff, and therefore it does not state a cause of action for money had and received. This contention is based upon the hypothesis that, if plaintiff, as alleged in the complaint, paid $2,000 at one time and $21,630 at another for 2,208 sheep at $11 per head, there could not have been included in the said sum of $21,630 an excess payment of $1,100 as alleged in the complaint; but, on the contrary, by mathematical calculation, instead of there being an overpayment, there was an underpayment of $658.

1. Subsequent to the filing of appellants' opening

brief attacking the complaint on the grounds stated, the respondent moved this court for leave to bring before the court other records outside the judgment roll to show that the specific objections to the complaint and findings were cured by an order made after the judgment and pending the appeal therefrom, directing that the complaint and findings be amended and corrected by canceling the figures $21,630 appearing in paragraph III of the complaint and interlining the figures $23,630. It must be conceded that, if the amendment and correction were authorized, then the specific objections to the complaint and findings must fall, because they have no foundation upon which to rest.

2.   Appellants resisted the motion, upon the ground that on appeal from a judgment upon the judgment roll alone the court is limited in its determination to the questions presented by the judgment roll, and that nothing can be assumed or considered that does not appear upon the face of the roll itself.   Though our statute specifies what constitutes the judgment roll and provides that on appeal from a judgment upon the judgment roll alone only errors can be considered which appear upon the face of the roll, we are of opinion that there is no sacrosanct prohibition against considering evidence outside the judgment roll which makes the judgment speak the truth.   Matters often arise subsequent to appeal which may be brought before the appellate court on evidence outside the record, and which will be considered and acted on in disposing of the appeal. 2 Cal. Jur. sec. 394, p. 688.   The record which respondent upon motion seeks to have considered discloses that the figures in paragraph 3 of the complaint, to wit, $21,630, were a clerical misprision.   If this be so, then the trial court, after judgment, had the power to order the amendment to make the judgment speak the truth. Howard v. Richards, 2 Nev. 128, 90 Am. Dec. 520; Sparrow v. Strong, 2 Nev. 362; section 5484, Rev. Laws of Nevada, 1912; 14 Cal. Jur. sec. 76, p. 1002.

3.   It is contended that after appeal the court was

without jurisdiction, power, or authority to order the complaint amended. While a court by an appeal loses jurisdiction of a cause for the purposes of an appeal, it does not thereby lose jurisdiction of its records. These remain within its physical custody and control, and it has the right, after an appeal is taken as before, to correct clerical mistakes appearing upon the face of the record. Sparrow v. Strong, supra; 2 Cal. Jur. sec. 182, p. 420.

4, 5. It is contended, however, that the error complained of was judicial rather than clerical, and therefore the complaint was not amendable. We do not so interpret the pleading. The error at most was an error in computation of the actual amount paid for 2,308 sheep at $11 per head due to a mutual mistake in the counting of the sheep. It has been held that to appeal from a judgment when the entire relief sought could have been obtained upon a mere application to the trial court is frivolous and merits reproof. Rountree v. I. X. L. Lime Co., 106 Cal. 62, 39 P. 16. This is not such an extreme case as that cited, but we are of opinion that, had the error complained of for the first time in this court been called to the attention of the court below, it would have been corrected at bar upon the mere suggestion of either counsel by interlining the exact amount paid for the sheep.

6. It is contended that the only relief afforded to one in plaintiff's situation was either to sue for damages for breach of the contract of sale or for a rescission upon the restoration of what the plaintiff seeking to avoid the contract had received. This may be good law in a proper case, but it has no application to this action brought to recover an amount overpaid by mistake.

It is also contended that the cause of action is one governed and controlled by the uniform sales act (3 Rev. Laws of Nevada, p. 3033), and, the contract being entire and executed, there is nothing in the sales act to entitle plaintiff to sue to recover money overpaid by mistake. Mr. Williston, in his work on Sales (2d ed),

sec. 623, states that section 73 of the sales act provides that invalidating circumstances, such as fraud, misrepresentation, duress, mistake, bankruptcy, shall be given the effect which they would have at common law, and that the act itself does not to any considerable extent purport to deal with such questions.

7. While proceeding on equitable principles, the action is one at common law. Weston v. Brown, 158 N. Y. 360, 53 N. E. 36. Money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise, arising from the duty of the person in possession to account for and pay over the same to the person beneficially interested. 27 Cyc. 849.

8. It is contended that the judgment in form is against law, in that the complaint was made to run against the defendants as copartners, and the judgment was rendered against them as individuals. This contention is without merit. Conway v. District Court, 40 Nev. 395, 164 P. 1009.

9. We find no error in the judgment roll other than a clerical misprision, and in furtherance of justice the judgment should be affirmed. It is so ordered.

DUCKER, J.: I concur.

COLEMAN, C. J., concurring:

I concur in the order of affirmance and substantially in the reasoning of the foregoing opinion, but wish briefly to state my views. It appears from the record that the case was tried in the lower court by both parties, upon the theory that the complaint alleged an indebtedness in the amount demanded, and the clerical error did not mislead the defendants in the least degree. Upon or after the argument of defendants' motion for a new trial, the clerical mistake now complained of was pointed out. The court denied the motion for a new trial, and, upon the showing made by the plaintiff, entered an order permitting the amendment of the complaint to cure the clerical error. That this may be done

even after decision is clear. Elgan v. Frances-Mohawk Co., 34 Nev. 469, 125 P. 696.

The purpose of a pleading is to apprise the adverse party of the matter he must meet. Defendants having tried the case and suffered no injury from the clerical error, it would be rank injustice to reverse the judgment merely to permit an amendment which has already been made. Amendments to pleadings before judgment are uniformly allowed to conform to the proof, and, since the technical idea demanding this is that the pleading must support the judgment, there is no substantial reason why the amendment may not be made after judgment, as in this case. The reason of the law is the soul of the law, and when the reason ceases to exist the law itself should fall. There is ample authority holding that a pleading may be amended after judgment that it may support the judgment. The showing made in this court of the allowance of the amendment is unquestioned; hence may properly be considered by us. Earl v. Morrison, 39 Nev. 120, 154 P. 75.

On the other points I fully concur.

[Pending on petition for rehearing.]