GOLDSTEIN v. BEHRENDS.

(Circuit Court of Appeals, Ninth Circuit.  May 25, 1903.)

No. 869.

1. APPEAL—DISMISSAL—WANT OF ACTUAL CONTROVERSY.
  Where, pending an appeal in a suit brought in support of an adverse claim filed in a land office, against the granting of a patent to defendant for a mining claim, in which complainant was in possession of the property in suit claiming under a town site entry, the interior department, in a proceeding properly before it, and to which defendant was a party, determined that the land was not mineral in character, and a patent was issued for the same under the town site entry, such decision is conclusive on the court, and, complainant having both possession and title, no actual controversy remains, and nothing upon which a judgment can operate, and the appeal will be dismissed.

Appeal from the District Court of the United States for the First Division of the District of Alaska.

J. H. Cobb and Maloney & Cobb, for appellant.

Arthur K. Delaney (Oscar Foote, of counsel), for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. On the 6th day of February, 1899, the appellant made application at the local land office at Sitka, Alaska, for the entry and patent of a certain piece of land in the town of Juneau as a lode claim designated in the application as "Mineral Survey No. 316." Within the 60-day period provided by statute for the publication of the notice of the application for patent, the appellee

filed in the Sitka land office his adverse claim, and within 30 days thereafter brought this suit in the court below in support of his claim. Upon issue joined testimony was taken as to the location of the claim and its boundaries, the occupation of a portion of it as a naval reservation, the occupation and possession of the remainder, including the portion in controversy, as a part of the town site of Juneau, and the character of the land, whether mineral or non-mineral. Upon this testimony a decree was entered in favor of the appellee, and from this decree the present appeal is prosecuted.

The appellee has interposed a motion to dismiss the appeal, upon the ground that there is now no actual controversy involving real or substantial rights between the parties to the record, and no subject-matter upon which the judgment of the court can operate. This motion is based upon the evidence of a patent issued by the United States on the 29th day of April, 1902, to Thomas R. Lyons, town site trustee for the lot claimants of the town of Juneau. The land described in the patent includes the land involved in this litigation, the title to part of which has by deed of conveyance from the trustee become vested in the appellee, and the remainder in his grantee and successor in interest. The land is described as lots 1, 2, and 3, in block 21, and lot 7, in block 20, as marked and designated upon the official map of the town site of Juneau as made by George W. Garside, a deputy United States surveyor, in pursuance of the application of the citizens of Juneau for a patent to said town site. The appellant admits that a patent has been issued by the United States, as set forth by the appellee in his motion, but alleges that there is now pending in the district court of Alaska, division No. 1, a suit against the holder of the patent to recover possession of the premises in controversy in this action; that in that action the patent is attacked on the ground that it is absolutely void because of want of jurisdiction in the land department to issue the same; that the appellant is plaintiff in said action, and the town site trustee named in said patent, together with the occupants of the ground embraced in the action, are defendants.

The original complaint in the present action was filed in the district court of Alaska on the 6th day of May, 1899. The complaint alleged that the plaintiff and his grantors had been, and that the plaintiff was at the time of the commencement of the action, the owner, in possession and occupation, of the pieces or parcels of land in controversy; that the plaintiff claimed the legal right to occupy and possess said premises by virtue of his occupation and possession, in full compliance with the local laws and rules and the acts of Congress of May 17, 1884, 23 Stat. 24, c. 53, and March 3, 1891, 26 Stat. 1099, c. 561 [U. S. Comp. St. 1901, p. 1467], and by actual prior possession of the public domain of the United States; that on or about February 6, 1899, the defendant wrongfully entered upon the premises embraced within the exterior lines of survey No. 316, known as the Bonanza Lode Mining Claim, and filed her application for patent in the United States land office at Sitka, Alaska. The plaintiff alleged the filing of an adverse claim in said land office, and the commencement of this suit in support of such adverse claim, demanding

a judgment against the defendant for the recovery of the possession of the land described as being within said Bonanza Lode Mining Claim.

The defendant demurred to this complaint, and the demurrer was sustained, the court holding that, the plaintiff being in possession of the land in controversy, a suit in equity to quiet title should have been brought, and that for that purpose the complaint was insufficient. The complaint was thereupon amended in conformity with the opinion of the court. In this amended bill, filed October 30, 1900, the history of the plaintiff's title to lots 1, 2, and 3, in block 21, is traced through the possession and occupation by plaintiff and his grantors from the year 1881 down to the date of the commencement of the action, and the title to lot 7, in block 20, is traced in like manner from the year 1882. To this amended bill of complaint the defendant appeared specially, and moved to strike the bill from the files and dismiss the cause. This motion was denied, and thereupon the defendant demurred to the bill, and, the demurrer being overruled, the defendant answered upon February 7, 1901, and upon the issues thus presented the testimony in the case was taken.

It appears from the record that John Olds, acting as trustee for the occupants of certain lands in a settlement in Alaska known as the town of Juneau, filed an application in the land office at Sitka on the 10th day of June, 1893, for a patent for 121.52 acres of land described in the application by metes and bounds. This application was allowed October 13, 1893, and the purchase price covered by the entry was paid. On May 19, 1894, Anna Goldstein, the appellant in this case, filed a protest in the land office against the issuance of a patent to the trustee for the land covered by the entry, alleging her ownership of the mining claim in conflict with the said town site, and alleging the mineral character of the land. Such proceedings were thereupon had in the land office at Washington, and before the Secretary of the Interior, that on October 6, 1896, the town site was ordered canceled by the Secretary of the Interior as to the land covered by the location made by the appellant. Goldstein v. Juneau Town Site, 23 Land Dec. Dep. Int. 417. On February 6, 1899, the appellant filed an application in the land office at Sitka, Alaska, for a patent to the Bonanza Lode Mining Claim. During the period of the publication notice of this application protests were filed by George Harkrader and numerous other persons, based upon the use, occupation, and improvement by them of the land embraced in said mining claim. These protests alleged, inter alia, that the land covered by the Bonanza Claim was not mineral land subject to entry under the mining laws. The issues raised by these protests were considered by the land department, and on September 3, 1901, the Secretary of the Interior rendered a decision in which he held that the land in controversy was not known to be valuable for minerals at the date of the town site entry; that in its decision of October 29, 1896, the department erred in holding the land to be mineral in character, and in canceling the town site entry to the extent stated, for that reason. The entry was thereupon reinstated, and a supplemental patent directed to be issued to embrace the entry as reinstated. Hark-

rader v. Goldstein, 31 Land Dec. Dep. Int. 87. This patent was issued April 29, 1902, to Thomas R. Lyons, town site trustee for the lot claimants of the town of Juneau, and is the patent referred to in appellee's motion to dismiss this appeal.

The cause of action, as stated by the appellee as the plaintiff in the original complaint, was briefly this: That he was in the occupation and possession of certain lots in the town of Juneau under authority of law; that the defendant, the appellant here, had wrongfully entered upon the premises and filed her application in the land office, and entered the land as a mining claim. The amended complaint enlarged the statement of facts upon which plaintiff claimed the right to occupy and possess the lots in controversy, and demanded appropriate relief, but did not change the cause of action or the subject-matter of the controversy. The plaintiff claimed the lots under a town site entry made on October 13, 1893. The defendant denied plaintiff's right to the premises, and claimed the lots under a mining entry made on the 6th day of February, 1899. Conceding that the action was for the purpose of determining the right of possession, the controlling question was as to the mineral character of the land. This question was within the jurisdiction of the land department to determine, and, upon being submitted to that department in the proceedings for a patent, was determined adversely to the appellant by the Secretary of the Interior, that officer holding that the land was not mineral, and awarding the land to the town site trustee. This decision is conclusive as to the character of the land, and disposes of the controlling question involved in this case. The appellee in possession of the land has acquired title to it under the town site patent, and this action in support of his claim to have possession and receive that title has ceased to have a subject upon which a judgment of the court can operate. Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.

The appeal is therefore dismissed.