[No. 2064]

WILLIAM H. EARL, C. E. FORD, WILLIAM ROSS, M. COOPER, DAVE MEIKLE, WILLIAM FROST, C. E. EVANS, AND WILLIAM GALLAGHER, RESPONDENTS, *v.* WILLIAM H. MORRISON, JOSEPH NICHOLS, AND WESTERN PACIFIC RAILWAY COMPANY (A CORPORATION), APPELLANTS.

[154 Pac. 75]

1. PUBLIC LANDS—CHARACTER—DETERMINATION BY LAND OFFICE.
    The determination by the federal land department of the character of public lands is conclusive, except in certain direct proceedings to set aside a patent for fraud, imposition, mistake, or the like.

2. APPEAL AND ERROR—MATTERS OUTSIDE OF RECORD.
    The court on appeal from a judgment based on findings that land is mineral may consider a patent since issued conclusive that the land is not mineral.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Suit by William H. Earl and others against William

H. Morrison and others. Judgment for plaintiffs, and defendants appeal. **Remanded,** with directions.

*Cheney, Downer, Price & Hawkins,* for Appellants:

The complaint does not state a cause of action. It was impossible to ascertain with any certainty the particular portion of land in controversy. By pleading a specific claim to the property the allegations of ownership, right of possession, and possession, are referable to the title pleaded and are nullities standing alone. (*Gruwell* v. *Seybolt,* 82 Cal. 7.)

Only public mineral lands can be entered under the mining laws. (Lindley on Mines, sec. 112.) There is no evidence in the record sufficient to show that the land in controversy is mineral in character or contains valuable mineral deposits, or that a legal discovery was ever made thereon. Land to be mineral must be susceptible of profitable mining operations; it must be more valuable for mining than for any other purpose. (*Alford* v. *Barnum,* 45 Cal. 482; *Merrill* v. *Dixon,* 15 Nev. 401.) A mining location must be made in good faith. (*Chrisman* v. *Miller,* 197 U. S. 313, 49 L. Ed. 770.) The court exceeded its powers in passing upon the title to the property. (*Sloan* v. *U. S.,* 95 Fed. 193; *Savage* v. *Worsham,* 104 Fed. 18; *Humbard* v. *Avery,* 110 Fed. 465, affirmed in 194 U. S. 480; *Wanekros* v. *Cowan,* 108 Pac. 238; *Sims* v. *Morrison,* 100 N. W. 88.)

*J. B. Dixon,* for Respondents:

Where a naked appeal is taken from the judgment only, without a bill of exceptions or its substitute, the judgment roll only can be examined. (2 Ency. Pl. & Pr. 367.) Appellate courts will not review errors assigned affecting matters extrinsic to the record. Facts outside the record cannot be presented by affidavits or otherwise. (2 Ency. Pl. & Pr. 387.)

By the Court, COLEMAN, J.:

This is a suit to determine the right of possession to a certain portion of the public domain of the United States. Plaintiffs base their right of possession upon

an alleged location of a placer mining claim; while the defendants rely upon rights asserted pursuant to filings under scrip, claiming that the land is nonmineral in character. In the trial court evidence was introduced by the respective parties to sustain their contentions. Judgment was rendered in favor of the plaintiffs, and defendants have appealed. The only issue in the case below was as to the character of the land; that is, whether it was mineral or nonmineral.

After the case had been docketed in this court on appeal, defendants made a motion for a stay of proceedings pending the determination by the land department of the United States of the character of the land in question. The motion was granted. On November 2, 1915, appellants made a motion in open court that the judgment of the lower court be modified, and that judgment be rendered in favor of appellants, for the reason that since the granting of the stay of proceedings appellants had acquired title to the land under a patent issued by the United States government, which was exhibited in open court. Respondents' position is that such a procedure as that sought by appellants is unheard of and revolutionary, contending that the case must be disposed of here upon the record made in the lower court.

1. It is invariably held that the determination by the land department of the character of land is conclusive, except in certain direct proceedings to set aside a patent for fraud, imposition, mistake, and the like. In *Steel* v. *Smelting Co.,* 106 U. S. 447, 1 Sup. Ct. 389, 27 L. Ed. 226, it is said:

"We have so often had occasion to speak of the land department, the object of its creation, and the powers it possesses in the alienation by patent of portions of the public lands, that it creates an unpleasant surprise to find that counsel, in discussing the effect to be given to the action of that department, overlook our decisions on the subject. That department, as we have repeatedly said, was established to supervise the various proceedings whereby a conveyance of the title from the United

States to portions of the public domain is obtained, and to see that the requirements of different acts of Congress are fully complied with. Necessarily, therefore, it must consider and pass upon the qualifications of the applicant, the acts he has performed to secure the title, the nature of the land, and whether it is of the class which is open to sale. Its judgment upon these matters is that of a special tribunal, and is unassailable, except by direct proceedings for its annulment or limitation. Such has been the uniform language of this court in repeated decisions."

In *Burfenning* v. *Chicago & St. Paul Ry.,* 163 U. S. 321, 16 Sup. Ct. 1018, 41 L. Ed. 175, Mr. Justice Brewer, speaking for the court, used the following language:

"It has undoubtedly been affirmed over and over again that in the administration of the public land system of the United States questions of fact are for the consideration and judgment of the land department, and that its judgment thereon is final. Whether, for instance, a certain tract is swamp land or not, saline land or not, mineral land or not, presents a question of fact not resting on record, dependent on oral testimony; and it cannot be doubted that the decision of the land department, one way or the other, in reference to these questions, is conclusive, and not open to relitigation in the courts, except in those cases of fraud, etc., which permit any determination to be reexamined. (*Johnson* v. *Towsley,* 13 Wall. 72, 20 L. Ed. 485; *Smelting Company* v. *Kemp,* 104 U. S. 636, 26 L. Ed. 875; *Steel* v. *Smelting Company,* 106 U. S. 447, 1 Sup. Ct. 389, 27 L. Ed. 226; *Wright* v. *Roseberry,* 121 U. S. 488, 7 Sup. Ct. 985, 30 L. Ed. 1039; *Heath* v. *Wallace,* 138 U. S. 573, 11 Sup. Ct. 380, 34 L. Ed. 1063; *McCormick* v. *Hayes,* 159 U. S. 332, 16 Sup. Ct. 37, 40 L. Ed. 171.)"

In *Gale* v. *Best,* 78 Cal. 235, 20 Pac. 550, 12 Am. St. Rep. 44, it is said:

"The rule is well settled by unanimous decisions of the Supreme Court of the United States that, when a law of Congress provides for the disposal and patenting of certain public lands upon the ascertainment of

certain facts, the proper officers of the land department of the general government have jurisdiction to inquire into and determine those facts; that the issuance of a patent is an official declaration that such facts have been found in favor of the patentee; and that in such a case the patent is conclusive in a court of law, and cannot be attacked collaterally. Of course, if the patent be void upon its face, or, if looking beyond the patent for a law upon which it is based, it is found that there is no law which authorizes such a patent under any state of facts, or that the particular tract named in the patent has been absolutely reserved from disposal, then the patent would be worthless and assailable from any quarter. For instance, if a certain section or a certain township described by legal subdivisions should be expressly and unconditionally reserved by Congress from disposal under any statute, a patent for any part of such tract would be void. But, if a large body of public lands be subjected to sale or other disposition under a law which has merely a general reservation of such parts of those lands as may be found to be of a particular character—such as swamp or mineral—then the land department has jurisdiction to determine the character of any part thereof, and a patent is conclusive evidence that such jurisdiction has been exercised. In such a case the patent could be attacked only by a direct proceeding, and by a person who connects himself directly with the title of the government."

See, also, *Jameson* v. *James,* 155 Cal. 275, 100 Pac. 700; *Traphagen* v. *Kirk,* 30 Mont. 562, 77 Pac. 58; *United States* v. *Mackintosh,* 85 Fed. 333, 29 C. C. A. 176; *Southern Dev. Co.* v. *Endersen* (D. C.) 200 Fed. 272, 281.

The Supreme Court of Dakota, in *Forbes* v. *Driscoll,* 4 Dak. at page 359, 31 N. W. at page 645, after reviewing many cases in which it had been held that the findings of the land department of the United States as to the character of land are final, says:

"A contrary view of the law would bring the courts and land offices into constant collision. A decision of

the courts in advance would take from these officers the jurisdiction the law has given them to hear and determine 'all rights of preemption arising between different settlers.' It would bring into the courts for decision all claims and contests before the department, and the absurd result would be reached, as we are informed by briefs of counsel has in fact resulted in this case, to wit: That the plaintiff, Forbes, has judgment in the district court of the territory, awarding him the possession of the entire quarter-section, while the defendant Driscoll has the decision of the land department, entered since the trial of this case, awarding him the patent, and consequent right to possession, of the same premises. We have no doubt that the manifest intent of the statutes of the United States, as is so clearly expressed by the decisions of the supreme court, was to vest in the land department an exclusive jurisdiction of all questions relating to the sale and disposition of the public lands up to the time of the issue of the patent; and this court is therefore of the opinion that the district court erred in entering judgment upon such verdict for the possession of the entire quarter-section, ousting the defendant Driscoll from his possession and improvements made upon the vacant and unimproved portions of the land. It is not meant to be understood by this decision that an action for possession does not lie under section 650 of the code of civil procedure to protect the actual possession of the preemptor against an intruder, or that such action might not lie to recover, beyond the actual possession, the entire quarter-section as against a trespasser. This court contents itself with declaring that the judgment ousting the junior preemptor from his possession and improvements, obtained and made without trespass, is erroneous, and must be reversed."

2. Since the issuance of a patent by the government is a conclusive finding that the land in question is not mineral in character, except in certain direct proceedings, the question is: Can this court ignore the findings and judgment of the lower court? In *Ridge* v.

*Manker,* 132 Fed. at page 601, 67 C. C. A. at page 598, Judge Hook uses the following language:

"An appellate court may avail itself of authentic evidence outside of the record before it of matters occurring since the decree of the trial court when such course is necessary to prevent a miscarriage of justice, to avoid a useless circuity of proceeding, to preserve a jurisdiction lawfully acquired, or to protect itself from imposition or further prosecution of litigation where the controversy between the parties has been settled, or for other reasons has ceased to exist. (*Chamberlain* v. *Cleveland,* 1 Black, 419, 17 L. Ed. 93; *Lord* v. *Veazie,* 8 How. 251, 12 L. Ed. 1067; *Wood Paper Co.* v. *Heft,* 8 Wall. 333, 19 L. Ed. 379; *Board of Liquidation* v. *Railroad Co.,* 109 U. S. 221, 3 Sup. Ct. 144, 27 L. Ed. 916; *Dakota* v. *Glidden,* 113 U. S. 222, 5 Sup. Ct. 428, 28 L. Ed. 981; *Little* v. *Bowers,* 134 U. S. 547, 10 Sup. Ct. 620, 33 L. Ed. 1016; *Washington and Idaho Railroad Co.* v. *Cœur d'Alene R. & N. Co.,* 160 U. S. 101, 16 Sup. Ct. 239, 40 L. Ed. 355; *Bryar* v. *Campbell,* 177 U. S. 649, 20 Sup. Ct. 794, 44 L. Ed. 926.)"

The rule laid down in the opinion of Judge Hook appeals to us as being both reasonable and just. While we cannot try *de novo* the issues involved in the lower court, we think we can take cognizance of the issuance by the federal government of a patent (which is not denied) which is conclusive of the matter. If such were not the case, gross injustice might result in many instances, of which the case at bar is an example. In this controversy one tribunal has decided that the land in question is mineral, and has rendered judgment awarding possession of it to plaintiffs, while the tribunal established by the federal government for the purpose of determining just such questions as to its property has held to the contrary, and its determination is universally recognized as conclusive of the question. Plaintiffs' judgment is but an empty shell, and one which, in our opinion, can and should be set aside.

The sole question is: Shall this court, when confronted with the indisputable and unquestioned proof

that the government has determined that the land in question is nonmineral in character, affirm a judgment or even consider the case upon the record as made in the lower court? If we were to affirm the judgment of the lower court, it could be set aside in an independent proceeding. What, then, is the sense in considering this case upon the record made in the lower court? As shown by the cases cited by Judge Hook, appellate courts have, in a variety of situations, disposed of cases otherwise than upon the record brought up. It is no novel procedure. The situation here presented is similar to that which is brought to the attention of the court when, before determination on appeal, the issues involved are settled between the parties and there is no longer an existing controversy. When such a situation is brought to the attention of the court, the case in which it exists is always dismissed. (*Haley* v. *Eureka County Bank,* 21 Nev. 127, 26 Pac. 64, 12 L. R. A. 815; *Wedekind* v. *Bell,* 26 Nev. 395, 69 Pac. 612, 99 Am. St. Rep. 704; *Pacific Livestock Co.* v. *Mason Valley Mines Co.,* 39 Nev. 105, 153 Pac. 431, recently decided by this court.) If a court can determine that a proceeding is a moot one, why may it not consider indisputable and undisputed evidence that the government of the United States has made a finding which is conclusive, not only upon the parties, but upon all courts?

In the case of *Goldstein* v. *Behrends,* 123 Fed. 399, 59 C. C. A. 203, which was an action to determine the right of possession to a portion of the public domain of Alaska, it is said:

"Conceding that the action was for the purpose of determining the right of possession, the controlling question was as to the mineral character of the land. This question was within the jurisdiction of the land department to determine, and, upon being submitted to that department in the proceedings for a patent, was determined adversely to the appellant by the secretary of the interior; that officer holding that the land was not mineral, and awarding the land to the town-site trustee. This decision is conclusive as to the character

of the land, and disposes of the controlling question involved in this case. The appellee in possession of the land has acquired title to it under the town-site patent, and this action in support of his claim to have possession and receive that title has ceased to have a subject upon which a judgment of the court can operate. (*Mills v. Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.)"

It is the order of the court that the case be remanded, and that the trial court enter an order vacating the judgment and dismissing the action; the parties to pay their own costs in both courts.

*Per Curiam:*
Petition for rehearing denied.