DENNIS McFADDEN, RESPONDENT, v. THE ELLS–
WORTH MILL AND MINING COMPANY, APPELLANT.

AMENDED COMPLAINT ENTIRELY SUPERSEDES ORIGINAL. An amended complaint entirely supersedes the original, so that matter contained in the original and not in the amended one can not be considered by way of affirmative statement.

OBJECTION ON APPEAL TO COST-BILL. An objection to a bill of costs can not be maintained on appeal, when the bill is not properly made a part of the record on appeal.

APPEAL from the District Court of the Second Judicial District, Nye County.

This was an action to recover eleven hundred and seventeen dollars. The original complaint, which was verified, alleged that plaintiff, in March, April, and May, 1871, delivered to defendant, at its quartz mill in Ellsworth, fourteen and a

half tons of silver ore to be crushed, worked, and reduced in the usual manner; that defendant agreed to crush, work, and reduce the same, and pay plaintiff eighty per cent. of the pulp assay value, after deducting the price of milling the same, at twenty-five dollars per ton, and the price of transporting the same to the mill, at five dollars and fifty cents per ton; that defendant crushed and worked the ore, and the assay value of the pulp, after making the usual addition of seven per cent. for the salt in said pulp, was $134 47 per ton; and that there was due to plaintiff for said ore the sum sued for, which defendant refused to pay.

Defendant demurred on the grounds that defendant was not described in the complaint, and that there was no prayer for relief. The plaintiff then filed an amended verified complaint, in which he alleged that defendant was a corporation organized under the laws of Connecticut; that in March, April, and May, 1871, he delivered to defendant, at its mill in Ellsworth, fourteen and a half tons of silver ore to be crushed in the usual manner; that defendant received the same and agreed to crush it into pulp as aforesaid, and pay plaintiff therefor at the rate of eighty per cent. of the pulp assay value of the same; that defendant did crush it, and the assay value of the pulp was $134 47 per ton; that there was due from defendant to plaintiff on said ore a balance of eleven hundred and seventeen dollars, which defendant refused to pay, and demanding judgment for said amount and costs. Defendant interposed a demurrer to the amended complaint, which was overruled; and it then answered fully, denying the allegations of plaintiff, except so far as they agreed with defendant's version of the controversy, which represented its debt for the ore crushed and worked, at eighty per cent. on the pulp assay value, as amounting to five hundred and seventy-two dollars and twenty cents.

The cause was tried without a jury by the court below, which found all the allegations of the complaint true except that the assay value of the pulp was $134 47 per ton—the correct value being $87 96 per ton. In accordance with the findings there was a judgment for plaintiff for ten

hundred and twenty dollars and thirty-three cents, and two hundred and twenty-eight dollars and fifty cents costs. It appears that the cost-bill was filed within the proper time, but the clerk made an error in endorsing it as filed on October 2, 1871, instead of November 2, 1871.

On motion for new trial defendant claimed and assigned as error among other things, that the court below had not allowed it the price of milling, at twenty-five dollars per ton, and of transporting ore, at five dollars and fifty cents per ton, as alleged in the original complaint, claiming that such facts were admitted by the plaintiff. Nothing was said about the cost-bill on the motion, nor was it mentioned in this statement, or any statement.

The motion for new trial being denied, defendant appealed from the judgment and order.

*E. P. Sine,* for Appellant.

I.   There was error in not allowing defendant any deduction for milling or for transporting the ore to mill. Counsel may object, and say that we have not proved that there were any expenses attending the reduction and transportation of said ore. This was not necessary, for the reason that it was admitted in the pleadings ; and if not so admitted, then plaintiff's averment that defendant agreed to pay plaintiff eighty per cent. of the pulp assay value of said ore in U. S. gold coin was not admitted; and it certainly was not proved. This allegation thereby became an essential allegation, and every allegation essential to the issue must be proved.   1 Greenleaf, 84, Sec. 60.   Facts admitted need no proof. *Patterson* v. *Ely,* 19 Cal. 28.

II.   The judgment is erroneous, because it allows to plaintiff two hundred and twenty-eight dollars and fifty cents as costs and disbursements incurred in said action, when it does not appear of record that said plaintiff filed a memorandum of the items of his costs as prescribed by statute.   Stats. 1869, 169, Sec. 486.

*George R. Williams,* for Respondent.

I.    There is no admission by plaintiff in his pleadings that he is indebted to defendant for reducing and transporting the ore.    The original complaint may admit it, but the amended complaint surely does not.    The amended complaint supersedes the original, and destroys its legal effect. 22 Cal. 356; 28 Cal. 246; 33 Cal. 497.    It is claimed that an original complaint can be used to explain away any ambiguity in the amended complaint.    If the amended complaint is ambiguous, why not demur to it on that ground? But there was no ambiguity in the amended complaint.    The cause of action was set forth in ordinary and concise language.

II.    The point raised in reference to the costs cannot be considered by this court, as the cost-bill has not been brought before the court by any statement.    As a matter of fact, however, the cost-bill was sworn to and filed within two days after the judgment was rendered; but when the clerk indorsed the filing thereon, he indorsed it filed October 2, 1871, instead of November 2, 1871.    The mistake was a clerical error.

By the Court, WHITMAN, J.:

The pleadings and evidence in this case fully support the judgment.    Indeed, so far as the substantial merits are concerned, the district court has adopted the theory of appellant's answer; and has only failed to fully support the same by reason of absence of proof of certain matters, not made upon the trial, apparently upon the supposition that there were two complaints in the suit, one original and one amended; and that the matter referred to was affirmatively stated by respondent in the original.

The amended complaint is in itself a full, distinct, and complete pleading, and entirely supersedes the original. *Gilman* v. *Cosgrove,* 22 Cal. 356; *Jones* v. *Frost,* 28 Cal. 245; *Barber* v *Reynolds,* 33 Cal. 498.    Not only was it not the

duty of the district judge to notice it, but he had no right nor authority so to do.

There is nothing in the question of costs as presented which can be considered on appeal.

The order and judgment are affirmed.

GARBER, J., did not participate in the foregoing decision.