LAS VEGAS NETWORK, INC., A NEVADA CORPORATION, APPELLANT, *v.* B. SHAWCROSS AND ASSOCIATES DBA NEVADA TAX COOPERATIVE AND BLANCHE SHAWCROSS AKA L. B. SHAWCROSS DBA SHAWCROSS, BARON AND MEYER, BLANCHE SHAWCROSS AND ASSOCIATES, ETHEL BARON, B. SHAWCROSS, B. SHAWCROSS, PUBLIC ACCOUNTANT, AND BLANCHE SHAWCROSS, PUBLIC ACCOUNTANT, RESPONDENTS.

No. 4676

September 30, 1964 · · · · · · · · · · · · · · · · 395 P.2d 520

*Stanley W. Pierce* and *Don L. Griffith,* of Las Vegas, for Appellant.

*Morton Galane,* of Las Vegas, for Respondents.

# OPINION

By the Court, THOMPSON, J.:

This is an action for money claimed to be due from the buyers (defendant Shawcross And Associates) to the seller (plaintiff Las Vegas Network, Inc.) under a written agreement for the sale of a business. The agreement was attached to the original complaint as an exhibit. It provided that the purchase price (except for $2,500) was to be paid to persons other than the plaintiff seller, namely Pierce and Cahlan. Apparently because the plaintiff seller sought to recover money which was not due and owing it, the lower court granted the defendants' motion to dismiss. An amended complaint was filed. In it the plaintiff joined, as defendants, the persons to whom the purchase price was to be paid, i.e., Pierce and Cahlan. The defendants Shawcross And Associates again moved to dismiss. Their motion was granted with leave to amend. A second amended complaint was filed. This time the plaintiff alleged that Pierce and Cahlan had assigned to the plaintiff their right to receive money

under the agreement of sale. Upon motion of the defendants the second amended complaint was dismissed with prejudice. This appeal followed.

We are not asked to decide whether the lower court properly dismissed the original complaint and the first amended complaint, nor whether Pierce and Cahlan were necessary parties to the action when it was originally commenced. The appellant raises this sole question on appeal: Was it permissible for the lower court, in ruling on the motion to dismiss the second amended complaint, to look to prior superseded complaints to determine whether an allegation (the assignment from Pierce and Cahlan to the plaintiff) rests upon transactions, occurrences or events which have happened since the commencement of the action? We hold that it is permissible for the court to review the superseded pleadings for such a purpose. Cf. Nelson v. Sierra Construction Corp., 77 Nev. 334, 364 P.2d 402. Neither Lubin v. Chicago Title & Trust Co., 7 Cir., 260 F.2d 411, nor McFadden v. Ellsworth Mill & Mining Co., 8 Nev. 57, heavily relied upon by appellant, touches the precise issue before us.

Of course it is true that an amended pleading supersedes the prior pleading as a pleading. However, contrary to the appellant's position, it is not true that the prior pleadings are ineffective for all purposes. For example, see Annot., 52 A.L.R.2d 516, entitled "Admissibility in Evidence of Withdrawn, Superseded, Amended or Abandoned Pleading as Containing Admissions Against Interest," wherein, inter alia, it is noted that the great weight of authority holds that an admission against the interest of a pleader contained in a prior abandoned pleading may be received in evidence. Here the plaintiff seller by its first amended complaint, named Pierce and Cahlan (to whom the purchase price was to be paid) as "involuntary defendants." By its second amended complaint the plaintiff seller alleged that Pierce and Cahlan had assigned to the plaintiff their right to receive the purchase price. Under such circumstances it was permissible for the lower court to look to the prior

pleadings and to conclude therefrom that the assignment occurred after suit was started and was not, therefore, properly introduced by way of an amended pleading. New matter may properly be alleged in an amended pleading if it existed when the action was commenced. Cf. Transcontinental Oil Co. v. Free, 80 Nev. 207, 391 P.2d 317. On the other hand, NRCP 15(d) provides that a supplemental pleading is the appropriate way to set forth "transactions, or occurrences, or events which have happened since the date of the pleading sought to be supplemented."

Accordingly we affirm the dismissal with prejudice, but point out that it does not preclude another action for the purchase price based upon any assignment which occurred after the instant case was commenced.

BADT, C. J., and MCNAMEE, J., concur.