NEVADA STATE BOARD OF CHIROPRACTIC EXAM-
INERS, Appellant, *v.* MORTON M. BABTKIS, D.C.,
Respondent.

No. 5195

October 17, 1967                          432 P.2d 498

*Harvey Dickerson,* Attorney General, *George G. Holden,
George H. Hawes,* and *Peter Breen,* Deputy Attorneys General,
of Carson City, for Appellant.

*Ross, Snyder & Goodman,* of Las Vegas, for Respondent.

## OPINION

By the Court, Thompson, C. J.:

This appeal is from a district court review of an order of
the Nevada State Board of Chiropractic Examiners perma-
nently revoking the license of Morton M. Babtkis to practice

chiropractic. The district court modified the Board's order by substituting for revocation, a six months suspension to be followed by two years probation. The Board contends that the court modification should not be allowed to stand, since substantial evidence was presented at the hearing before the Board to support its order of revocation. We agree with the Board and reinstate the order which it entered.

The revocation order rests upon evidence that a major part of the healing art of chiropractic conducted in the office of Babtkis at Henderson, Nevada, was a "local" massage—an act of hand masturbation performed by female employees upon male customers. The fee was ten dollars. Customers were lured to his office by advertisements in the Las Vegas newspapers. An example: "Relaxing massage, 567–7301, Joanne, Henderson." The number was the telephone number of Babtkis' office—Joanne was a "masseuse" employed by him. There were others.

The Board found that such activity was "unprofessional conduct" within the meaning of NRS 634.010(3)(j),[1] and evidence that Babtkis no longer possesses "good moral character" within the intendment of NRS 634.140(1)(b).[2] Either finding allows the penalty of revocation or the discipline of suspension. NRS 634.140; 634.150.[3] The Board chose revocation. We cannot fault the Board for its view.

Chiropractic is a healing art. Hand masturbation is not. One in the practice of chiropractic must be dedicated to the ideal of serving those who are ailing and in need of professional attention. Hand masturbation bears no relationship to that ideal and, in the present context, is a vulgar, base act, reflecting adversely upon the moral character of Babtkis, who knowingly allowed such to regularly occur in his office.

The district court approved the Board's finding of unprofessional conduct, but believed that the practice of hand

[1]NRS 634.010(3): "Unprofessional conduct" means: * * * (j) Conduct unbecoming a person licensed to practice chiropractic or detrimental to the best interests of the public."

[2]NRS 634.140(1): "Upon complaint of the board, * * * his license shall be revoked if it is found: * * * (b) That he no longer possesses good moral character."

[3]NRS 634.150: "The board shall have additional power: * * * 2. To revoke any license, either permanently or temporarily, and suspend the person found guilty of unprofessional conduct from the practice of chiropractic, either permanently or for a time determined by the board."

masturbation by his female employees did not show the absence of the good moral character required of a professional man. It was for this reason that the court modified the Board's revocation order to suspension of license and probation. Although there may be instances of unprofessional conduct which do not reflect adversely upon a practitioner's moral character, the condoning of hand masturbation by female employees is not one of them. We do not accept the distinction drawn by the district court.

When the determination of an administrative board is challenged, the function of this court is identical to that of the district court. Urban Renewal Agency v. Iacometti, 79 Nev. 113, 379 P.2d 466 (1963); McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268 (1961). It is to review the evidence presented to the board and ascertain whether that body acted arbitrarily or capriciously and, therefore, abused its discretion. As already indicated, our review discloses that the Chiropractic Board acted within the permissible limits of its discretion.

Counsel for Babtkis suggests that we honor the district court modification on the authority of In re Reno, 57 Nev. 314, 64 P.2d 1036 (1937). In that case the Medical Board permanently revoked a doctor's license to practice medicine. The district court affirmed, and the Supreme Court modified the penalty to a temporary revocation of license, since it found no clear evidence that the conduct in issue was willful and intentional. The case at hand presents a different picture. The record sustains the Chiropractic Board's view that Babtkis knowingly allowed the conduct for which his license was revoked.

The district court order modifying the Board penalty of permanent revocation is reversed, and the order of the Chiropractic Board is reinstated.

ZENOFF, J., BATJER, J., MOWBRAY, J., and CRAVEN, D. J., concur.