FIREMAN'S FUND INSURANCE COMPANY, A CALIFORNIA CORPORATION; UNITED PACIFIC INSURANCE COMPANY, A WASHINGTON CORPORATION; RALPH JAMES LAMB, AS SHERIFF OF THE COUNTY OF CLARK, STATE OF NEVADA, AND INDIVIDUALLY; AND LAS VEGAS NETWORK, INC., A NEVADA CORPORATION, APPELLANTS, *v.* BLANCHE SHAWCROSS, INDIVIDUALLY, AND DOING BUSINESS UNDER THE FICTITIOUS NAME OF NEVADA TAX COOPERATIVE, RESPONDENT.

No. 5424

July 8, 1968 442 P.2d 907

*Singleton, DeLanoy, Jemison and Reid,* of Las Vegas, for Appellant Fireman's Fund Insurance Co.

*Keith C. Hayes,* of Las Vegas, for Appellant United Pacific Insurance Co.

*George E. Franklin, Jr.,* District Attorney, Clark County, for Appellant Ralph James Lamb.

*Stanley W. Pierce,* of Las Vegas, for Appellant Las Vegas Network, Inc.

*Morton Galane,* of Las Vegas, and *Robert F. List,* of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

We are requested to nullify a judgment entered upon a jury verdict assessing damages against multiple defendants for the loss of plaintiff's attached property. The lost property was the subject of attachment in a suit commenced by Las Vegas Network, Inc. v. Shawcross, in which Las Vegas Network sought to recover money claimed to be due under a written agreement for the sale of a business. That case was dismissed with prejudice and the dismissal affirmed on appeal. Las Vegas Network v. Shawcross, 80 Nev. 405, 395 P.2d 520 (1964). The attached property was never returned to Shawcross and, apparently, was lost, destroyed or misappropriated.

This action for damages was then commenced by Shawcross against Las Vegas Network who, through its counsel, had precipitated the attachment; United Pacific Insurance Company, who had supplied the undertaking on attachment in the amount of $6,250; Sheriff Lamb, whose deputies attached the property; Fireman's Fund Insurance Company, who had issued its surety

bond for the sheriff in the sum of $50,000 conditioned upon faithful performance by the sheriff of the duties of his office; and others with whom we are not now concerned. After a protracted trial, the court instructed the jury to find for the plaintiff Shawcross, and against the mentioned defendants, and advised the jury that the sole issue for its determination was damages. Las Vegas Network and United Pacific Insurance Company did not object to the pre-emptive instruction on the issue of liability. The sheriff did object, and since the liability, if any, of his indemnitor, Fireman's Fund, is derivative, the indemnitor may enjoy the advantage of the sheriff's objection to the pre-emptive instruction. The jury returned two verdicts, the first a "directed verdict" to conform with the pre-emptive instruction on liability, and the second, a "verdict on damages." The latter found the plaintiff's damages to be $50,185 and stated that such sum "is attributable to those damages resulting from the attachment which was levied on April 24, 1963 and discharged on May 2, 1963, and the limit of liability of the United Pacific Insurance Company." Judgment was thereafter entered as follows: against Las Vegas Network, Inc. for $50,185 plus interest and costs; against United Pacific Insurance Company for $6,250, the limit of liability on its undertaking for attachment, plus interest and costs; against Sheriff Lamb for $50,185 with interest plus costs; and against Fireman's Fund Insurance Company for $50,000, the limit of liability on the sheriff's surety bond, plus interest and costs. The judgment also specified that "the amount of the judgment is $50,185 and payment of any portion of that sum by any one of the defendants would relieve the other defendants to that extent." Other language in the judgment we deem unimportant.

The case in which the ancillary remedy of attachment was utilized reflects a series of unusual occurrences: The original attachment, the interposition of a third party claim to some of the attached property, an order discharging the attachment, an amended attachment, an order releasing the property described in the third party claim, an order discharging the amended attachment, a second amended attachment, and finally an order discharging all writs of attachment and discharging all levies. The main contention of each appellant is directed to these occurrences. Each contends that the judgment cannot stand since the liability, if any, of each rests upon different occurrences at different times, and the district court did not give appropriate consideration to this fact. The state of the record on appeal precludes our consideration of this contention

as to the appellants Las Vegas Network and United Pacific Insurance Company since neither objected to the pre-emptive instruction on liability. This was essential if either wished to preserve the point for appellate review. NRCP 51, in pertinent part, reads: "* * * No party may assign as error the giving * * * [of] an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." See also: Lathrop v. Smith, 71 Nev. 274, 288 P.2d 212 (1955); Wagon Wheel Saloon v. Mavrogan, 78 Nev. 126, 369 P.2d 688 (1962); Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963). A pre-emptive instruction on liability should provoke objection if a basis exists therefor, since it removes a crucial issue from jury consideration. It is not the kind of instruction that will be inadvertently overlooked by defense counsel. Thus, we must assume that Las Vegas Network and United Pacific Insurance Company, by failing to object, acknowledged liability to the plaintiff. Accordingly, we are concerned with only two of the many assignments of error. First, with respect to the sheriff and his indemnitor, Fireman's Fund, whether the lower court erred in ruling, as a matter of law, that they are liable to the plaintiff. Second, with respect to all appellants, whether the jury award of damages must be set aside as excessive.

1. The attaching plaintiff directed the sheriff to attach the office furniture and equipment, the library, files and papers of the defendant located at her place of business. A deputy sheriff did so. The files and papers of the defendant's tax accounting business were placed into 25 cartons and deposited with one Martin Stern, as directed by the plaintiff. One hundred seven cartons of other material, including office furniture and equipment, were stored at the Clark County Storage and Warehouse at plaintiff's direction. This occurred on April 24, 1963. Six days later the attachment was discharged by order of court, and a deputy sheriff was immediately notified of the discharge order. That order directed the sheriff to return the attached property to Shawcross. It was not the custom or practice of the sheriff's office to redeliver attached personal property which had been placed in possession of third parties at the direction of the attaching plaintiff. In that circumstance it was the practice to prepare a "release of attachment," and mail it to such depository advising that he may release the attached property to the defendant upon "payment of any charges you may have." NRS 31.065, which requires the sheriff to secure from

the plaintiff or his attorney, money for the expense of taking and keeping the attached property, had not been enacted.[1]

One day after receipt of the court order the sheriff's office mailed that release to the depositories of the attached property.

The following day the sheriff was instructed by the attaching plaintiff to again attach the property which but two days before had been ordered released from attachment by the court. Counsel for the attaching plaintiff identify this as an "amended attachment." A new undertaking on attachment was not filed. The sheriff followed the plaintiff's directions and reattached the property by posting a notice of attachment thereon in the places where the property had been previously left. This second attachment was dissolved by court order.

The attaching plaintiff followed the same course once more and again the court ordered dissolution of the "second amended attachment." By this time the attached property had disappeared and this litigation ensued.

These circumstances led the lower court to rule that the sheriff and his indemnitor were absolutely liable for the loss of the attached property, as a matter of law, and the jury was precluded from deciding that issue. This was error.

 ██

The sheriff and his deputies may be held liable for negligence in the performance of their official duties [Hill v. Thomas, 70 Nev. 389, 270 P.2d 179 (1954); NRS 248.040(3)], and his public official bond covers tortious misconduct. Hill v. Thomas, supra. As a general proposition the issue of his exercise of ordinary care under the circumstances is one of fact for jury resolution.

 █

There are several principles which possess relevance to the liability, if any, of the sheriff in this case. He is supposed to follow the directions given by the attaching plaintiff when the writ and accompanying instructions are in regular form. Hayward Lumber & Investment Co. v. Biscailuz, 306 P.2d 6 (Cal. 1957). He did so in every instance; that is to say, he performed as directed by the attaching plaintiff with respect to the original and the two "amended attachments." The difficulty comes about by reason of the intervening court orders dissolving the attachments, and their effect upon the sheriff's duties.

---

[1]Our code is silent as to whether the sheriff is obliged to redeliver the attached property, or to simply release it from attachment, when it has been stored with a third person at the direction of the attaching plaintiff. Of course, if the attached property is in the possession of the sheriff when the attachment is discharged, he must redeliver it to the defendant. NRS 31.170.

First, it is noted that the original attachment was not amendable after entry of the court order dissolving it. A defect or irregularity in the attachment papers may be corrected by amendment before discharge of the attachment, but not afterwards. NRS 31.220; Peterson v. Beggs, 148 P. 541 (Cal.App. 1915). Thus, in the strict sense, the sheriff, upon being notified by the court order discharging the original attachment, should have taken appropriate steps to redeliver the attached property to the defendant, and should have disregarded the subsequent "amended writs" which were served upon him before the court discharge order was effectuated. But the fact that he did not disregard the directions of the attaching plaintiff does not impose an absolute liability upon the sheriff. His conduct is not to be judged as though he were trained in the legal niceties. He need only exercise the judgment of a person of ordinary care and prudence. Reasonable diligence is all that is required of him. Hayward Lumber & Investment Co. v. Biscailuz, supra. Indeed, if counsel for the attaching plaintiff did not know that the "amended writs" were invalid following discharge of the original attachment, the sheriff's office should not be held to a higher standard.

In the case at hand, the sheriff attempted to comply with the court orders on the one hand, and with the directions of the attaching plaintiff on the other. When served with the court orders he prepared and mailed to the depositories of the property a release of attachment. When given the amended writs he posted them upon the attached property. It is for the jury to decide as an issue of fact, whether he acted with ordinary care in the circumstances. Any other view would place an intolerable burden upon his office [Vallindras v. Massachusetts Bonding & Ins. Co., 265 P.2d 907 (Cal. 1954)], and demand a technical legal knowledge possessed only by those specially trained.

2. The award of damages is within permissible limits since it finds support in the evidence offered by plaintiff which the jury was free to accept. In these circumstances we are not at liberty to override the jury's view of the matter unless the record suggests that passion or prejudice influenced that determination. NRCP 59(a)(6); Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962).

It is neither useful nor necessary to particularize the evidence of damage. The plaintiff-respondent had, for many

years, conducted an active bookkeeping, accounting and tax practice. All of her office equipment, professional library and furniture was attached.[2] She estimated its value to be $38,899.50. Her estimate of value was not directly refuted. Many California and Nevada businesses retained her to handle their bookkeeping, accounting and tax work and had left their records (corporate minutes, books of account, payroll records, tax returns, cancelled checks, etc.) with her for that purpose. All such records were attached and stored in 25 cartons. By reason of the loss of those records, her retaining clients left her, and her income was thereby substantially diminished. Her income loss, actual and prospective, if believed by the jury, was more than enough to run her total damages up to $50,185.

Although a degree of uncertainty is obviously present in fixing damages for her loss, this does not destroy her right to compensation. The rule against the recovery of uncertain damages is directed against uncertainty as to the existence of damage rather than as to measure or extent. Brown v. Lindsay, 68 Nev. 196, 228 P.2d 262 (1951). Her bookkeeping, accounting and tax practice had been established for years, and was not a new business enterprise. Cf. Knier v. Azores Constr. Co., 78 Nev. 20, 368 P.2d 673 (1962). Accordingly, the value of personal property and loss of prospective income, if the proximate result of the defendants' acts, are each elements of plaintiff's damage when shown with reasonable certainty. Preble v. Hanna, 244 P. 75 (Ore. 1926); Ellis v. Lindmark, 225 N.W. 395 (Minn. 1929); Randles v. Nickum, 127 P.2d 347 (Ore. 1942); Smith v. Abel, 316 P.2d 793 (Ore. 1957); Colorado Kenworth Corp. v. Whitworth, 357 P.2d 626 (Colo. 1960); United States Fidelity & Guaranty Co. v. Davis, 413 P.2d 590 (Ariz. 1966).

Other assigned errors have been considered and are without merit.

Therefore, we: (1) affirm the judgment against Las Vegas Network for $50,185 plus interest and costs; (2) affirm the judgment against United Pacific Insurance Company for $6,250, the penalty of the attachment bond. Since that bond specifically provided for the payment of costs and damages not to exceed $6,250 the judgment proviso for the payment of costs above that amount cannot stand and is stricken. Van

---

[2]All appellants contend that the office equipment and furniture belonged to a third party claimant to whom the storage company made delivery. The evidence on this score is in conflict, and the jury was free to·accept the respondent's evidence.

Sickle v. Franklin, 162 P. 950 (Okla. 1917); Schneider v. Zoeller, 346 P.2d 515 (Cal.App. 1959); (3) reverse the judgment against Sheriff Lamb and his indemnitor, Fireman's Fund, and remand for a new trial as to them, limited to the issue of liability [cf. Novack v. Hoppin, 77 Nev. 33, 359 P.2d 390 (1961)], since they have had their day in court on the issue of damages.

COLLINS, ZENOFF, BATJER, JJ., and YOUNG, D. J., concur.