A. WILLIAM VILLA, APPELLANT, *v.* RAMON ARRIZA–BALAGA, MRS. HAZEL ERSKINE, SAMUEL W. BELFORD, O. H. CHRISTOFFERSEN, MRS. DEL HARRISON, GEORGE JURAD, KEITH W. MAC–DONALD, COMPRISING THE NEVADA STATE WELFARE BOARD, RESPONDENTS.

No. 5817

February 24, 1970                    466 P.2d 663

*Harry E. Claiborne* and *James J. Brown,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, and *Norman H. Samuelson,* Deputy Attorney General, for Respondents.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from an order of the Eighth Judicial District Court denying a petition for a writ of mandamus, vacating an alternative writ of mandamus, and from an order affirming the findings and decision of the Nevada State Welfare Board relating to appellant's application for increased aid to the blind.

Appellant is and has been for some years recipient of financial aid to the blind under NRS 426.010–426.500. At the time of the hearing, appellant was receiving $198 per month. He claims his actual needs are $291.67 per month.

Incident to his application for increased aid, appellant requested and was granted a hearing before an examiner of the Nevada State Welfare Board pursuant to NRS 426.450. At the hearing, both appellant and the District Administrator of the Welfare Division presented evidence.

Specifically, appellant contended by factual presentation and argument of law he was not receiving his "actual need" as provided in NRS 426.420.

On review of the transcript by the Welfare Board, appellant's claim for additional benefits was denied. The Board found that appellant's grant of $198 per month was correctly computed in accordance with uniform standards developed by the Welfare Division. The Board concluded that "actual need" referred to in NRS 426.420 meant "need standards developed by the Welfare Division and approved by the Welfare Board." That meaning does not relate to "actual need" in fact in the ordinary sense of the words, but payments limited by legislative appropriation.

Appellant first sought mandamus from the lower court, later amending his petition alleging a second cause of action for judicial review of the decision by the Welfare Board pursuant to NRS 426.450. We think the proper procedure is judicial review, because it is an adequate remedy in law. See NRS 34.170.

The issues thus presented for our review in determining whether the lower court erred in affirming the findings and conclusions of the Welfare Board decision are these:

I. Does the term "actual need" as used in NRS 426.420 refer to need standards developed by the Welfare Division or to the needs in fact of a particular recipient?

II. May the term "actual need" be limited by the appropriation of funds for aid to the blind by the legislature?

A subordinate issue requires our determining whether respondents are proper parties to this action.

1. Certain legislative enactments establish the right of needy blind persons in Nevada to financial aid from the state. The legislature has seen fit to deal with this class of person separate and distinct from all other welfare recipients. Blind persons are a "special class" (NRS 426.030(3)); their needs may differ materially from the needs and problems of other classes of aid recipients (NRS 426.030(3), 426.310(3)); the aid contemplated to be given is for the "individual needs" of the blind claimant (NRS 426.040(2)); each claimant should receive the "maximum amount of aid to which he is entitled" (NRS 426.-400); and where a claimant's needs exceed the prescribed minimum he "shall be entitled to receive aid in an amount which shall meet such actual need" (NRS 426.420). Those functions are assigned to the Welfare Division by the legislature.

The Administrative Procedure Act applies to "all agencies of the executive department" (NRS 233B.020), and "agency" means "each public agency, bureau, board, commission, department, division, office or employee of the executive department" (NRS 233B.030). NRS 233B.040 provides that "each agency may adopt *reasonable* regulations to aid it in carrying out the functions assigned to it by law and shall adopt such regulations as are necessary to the proper execution of those functions. . . . *In every instance, the power to adopt regulations to carry out a particular function is limited by the terms of the grant of authority under which the function was assigned.*" (Emphasis added.)

Thus, any regulations adopted by the Welfare Board relating

to "actual need" of a blind recipient authorized by NRS 426.-420 must be reasonable.

The regulations adopted by the Welfare Board relative to "actual need" established uniform state-wide standards, predicated principally upon the amount of funds appropriated by the legislature rather than actual need in fact of any authorized recipient. The decision of the Welfare Board relating to appellant found that appellant's grant was correctly computed using those principles, and denied any increase.

Evidence presented at the hearing by the representative of the Welfare Division upon the question whether appellant's grant in fact met his actual need was as follows: "The food allowances are based upon 1959 standards and so is the clothing allowance. We agree. There is no difference of opinion on the basis of anyone in this agency including Mr. Emery [State Welfare Administrator] that these allowances are a disgrace to the State of Nevada. There is no question about that."

We hold the Welfare Division's definition of "actual need" is not reasonable and the application of that principle in denying appellant's request for an increase in his allowance is arbitrary and capricious.

2. The lower court, in reviewing the decision of the Welfare Division, held that payments to the blind are limited to those monies appropriated by the legislature to the fund for blind support. That ruling approved the method followed by the Welfare Division in prorating funds appropriated by the legislature over an entire year in accordance with its formula, when those payments did not meet the actual need of appellant by the Division's own admission.

Accordingly, we hold the Welfare Division is obligated to fix uniform state-wide standards according to the reasonable actual needs of blind recipients and pay them such sums insofar as there are available funds.[1] Straub v. Department of Public Welfare, 198 P.2d 817 (Wash. 1948).

We do not feel there is any question before us relative to loss of federal funding; hence, Pearson v. State Social Welfare Board, 353 P.2d 33 (Cal. 1960), cited by respondents, is inapposite.

---

[1] We do not decide what rights, if any, appellant may have against the state should there be insufficient money appropriated by the legislature to meet his "actual need," as herein defined, for the entire fiscal year.

[Headnote 5]

3. Respondents are proper parties to this action. The Welfare Board is invested with the power and responsibility to: "Formulate all standards and policies and establish all rules and regulations authorized by law for administration of the programs for which the welfare division is responsible." NRS 422.140. Furthermore, NRS 422.070, which created the Welfare Board, reads: "There is hereby created *in the welfare division* a bipartisan state welfare board composed of seven members appointed by the governor."

The Welfare Board is the policy-making and adjudicatory arm of the Welfare Division and is necessarily included therein.

Accordingly, the order of the lower court is reversed and the matter remanded to the Welfare Board with instructions to grant appellant his reasonable actual needs in accordance with uniform state-wide standards and pay him such sums as are available through legislative appropriation for that purpose.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.