## NEVADA STATE WELFARE BOARD, APPELLANT, v. CLARENCE A. MOFFORD, RESPONDENT.

No. 6075

June 4, 1970

470 P.2d 129

*Harvey Dickerson,* Attorney General, and *Norman H. Samuelson,* Deputy Attorney General, of Carson City, for Appellant.

*B. Mahlon Brown, III,* Clark County Legal Aid Society, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal by Welfare tests the propriety of a district court decision setting aside Welfare's determination that Mofford, a blind man, is not eligible for aid. The denial of aid by Welfare was based upon Mofford's alleged failure to disclose resources possessed by him and available for his support. The district court did not err, and we affirm its ruling.

Mofford filed an application for aid in September 1967. He was then 65 years old, and has been a resident of Nevada since 1939, and of Clark County since 1946. He has been sightless since 1952 and was placed on blind status during that year by Federal Social Security. For the past 16 or 17 years he has been a member of Southern Nevada Sightless and the Nevada Foundation of the Blind.

His application for assistance disclosed that his only income was a social security payment of $115.60 per month. He noted several sales of real property, but stated that the proceeds had been dissipated for living expenses.

The caseworker for Welfare prepared a budget listing the monthly social security payment as Mofford's only income and determined his actual need to be an additional one dollar. Consequently, Welfare offered that amount. Mofford declined the offer. Thereafter, on November 28, 1967, Welfare rejected Mofford's application noting that he had not provided information which would enable Welfare to establish that he did not have resources in excess of $1,500.[1] Mofford then demanded

---

[1] NRS 426.210 reads: "1. Aid shall not be denied to, or on behalf of, any blind individual by reason of his ownership of real property occupied by such person as a home.

"2. Any other real or personal property owned by a blind individual and not occupied by him as a home, the aggregate value of which exceeds $1500, less all encumbrances thereon, shall be utilized to meet current needs."

a fair hearing. NRS 426.450. The hearing was not useful. Mofford did not testify, and his representative or agent, another blind person, advised Welfare that it had no business delving into Mofford's several property transactions and frustrated any effort to do so. Welfare found that the caseworker had correctly carried out the provisions of the manual and denied Mofford's appeal. Mofford then petitioned for judicial review. The district court found that Welfare's action was arbitrary and remanded the matter with direction to ascertain the applicant's actual needs and to pay the same retroactively to the date of application.

1.   Blind persons are to be relieved from the distress of poverty (NRS 426.010), and the act is to be liberally construed (NRS 426.020) to accomplish that end. It is for this reason that the legislature directed that "the applicant's statements in his application shall constitute prima facie evidence of the facts stated, except with respect to degree of blindness and residence." NRS 426.380(2). The legislature also decreed that applications shall be acted upon promptly. NRS 426.390 (1). Mofford is a blind resident. His application disclosed that his only income was his social security check and that moneys received from property transactions had been spent. At that instant his eligibility for aid was prima facie established, and it was the caseworker's task to determine "actual need" (Villa v. Arrizabalaga, 86 Nev. 137, 466 P.2d 663 (1970)) and advise accordingly. The caseworker apparently possessed doubt with respect to Mofford's financial status and so advised the department.

The caseworker and the department were suspicious. However, it was not permissible for either to act upon such suspicion and deny assistance out-of-hand. The applicant's statements as to financial need must be accorded prima facie verity. The statute so directs. A resident blind person, who prima facie is burdened with the added distress of poverty, need not await the cumbersome process of review before receiving aid. His application must promptly be granted. An initial denial of aid is not authorized when prima facie eligibility is shown as to matters other than the degree of blindness and residence.

Welfare is protected. It enjoys the power to investigate. NRS 426.380(4). If it has reason to believe that aid was obtained improperly it shall cause special inquiry to be made and may

suspend payments pending that inquiry. NRS 426.330(1).[2] A fraudulent applicant may be prosecuted for perjury and is liable civilly to an action for restitution. NRS 426.070. These are the remedies to be utilized rather than the withholding of immediate relief.

2. Almost three years have passed since Mofford applied for aid. There is no issue regarding his degree of blindness or residence. His application prima facie established poverty. He was entitled to immediate relief and did not receive it. The consequences of Welfare's actions are not known to us. Conjecture, however, leads to unpleasant thoughts. In any event, this case points to the wisdom of the statutory scheme. Welfare's handling of the matter was arbitrary and not in conformity with law.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[2]The United States Supreme Court decision of Goldberg v. Kelly, decided March 23, 1970, casts doubt upon the constitutionality of that part of NRS 426.330(1) which allows suspension of payments prior to a hearing on the special inquiry.