GEORGE E. MILLER, STATE WELFARE ADMINISTRATOR, MEMBERS OF THE NEVADA STATE WELFARE BOARD, INDIVIDUALLY, AND NEVADA STATE WELFARE BOARD, APPELLANTS, v. HENRY A. WEST (PAT WEST), RESPONDENT.

No. 6500

February 24, 1972                          493 P.2d 1332

[Rehearing denied March 13, 1972]

*Robert List,* Attorney General, *Margie Ann Richards,* Deputy Attorney General, for Appellants.

*B. Mahlon Brown, III,* Clark County Legal Aid Society, for Respondent.

## OPINION

By the Court, BATJER, J.:

The respondent is and for several years has been a recipient of financial aid to the blind under NRS 426.010–426.500. His wife and four children are recipients of financial aid from the Nevada Welfare Division's aid to dependent children program.

In December of 1969 the respondent was receiving $229.00 per month from the aid to the blind program, and his wife and four children were receiving $81.00 per month from the aid to dependent children program. On December 18, 1969, the appellants notified the respondent that his aid to the blind grant was being reduced to a total of $10.00 per month, and that his family's aid to dependent children grant was being increased to $160.00 per month. The overall net effect of these changes resulted in a decrease in aid to the respondent and his family of $140.00 per month.

In an effort to have the original monthly grants restored,

the respondent filed a request for a hearing with the Nevada State Welfare Board. An administrative hearing was held, and the respondent was informed of the reasons for the changes and that the original grants would not be restored. The major reason for the budgetary changes was that the Welfare Division had adopted a shelter-splitting policy whereby the respondent's shelter needs would be allocated to his aid to the blind budget, and those of his family would be allocated to the aid to dependent children budget. Prior to this time the shelter needs of all six members of the family were included in the respondent's aid to the blind budget. The total shelter needs remained constant, but the total aid received was decreased because the aid to dependent children program compensates at a lower percent of total need than does the aid to the blind program. The remaining decrease in the budget was due to the Welfare Division's decision to disallow the respondent the privilege of diverting his social security income to meet the "needs" of his family. Since this income could no longer be diverted it was included in the respondent's own-resources section of his aid to the blind budget, and his needs, according to the Welfare Division's tables, were calculated to be only $10.00 per month.

In an effort to obtain judicial relief, the respondent filed a complaint for injunction with the district court. This complaint was answered but no hearing was held nor was any action taken on the matter. The parties then entered into a stipulation which provided for resumption of the pre-December aid until the legal issues were resolved, and for the filing of amended pleadings. The respondent did file an amended complaint and the district court found for him on all of the issues raised therein. The appellants contend that this procedure did not properly confer jurisdiction upon the lower court and that as a consequence its judgment is void.

An applicant for aid to the blind, if he is aggrieved by a decision of the Welfare Division and seeks judicial review, must comply with the provisions of NRS 426.450 which require one to petition the district court to review such decision.[1] The complaint for injunction first filed by the respondent was not a proper vehicle for seeking redress through the courts.

---

[1]NRS 426.450(3): "If such individual feels himself aggrieved by the decision of the welfare division in respect to his case he shall have the right, at any time within 90 days after the mailing to him of written notice of the decision, to petition the district court of the judicial district in which he resides to review such decision and the

See Villa v. Arrizabalaga, 86 Nev. 137, 139, 466 P.2d 663 (1970). If the amended complaint meets the statutory requirements it confers jurisdiction upon the district court. Las Vegas Network v. B. Shawcross, 80 Nev. 405, 407, 395 P.2d 520 (1964); McFadden v. Ellsworth Mill and Mining Company, 8 Nev. 57, 60 (1872). However, as the appellant contends, the respondent failed to proceed pursuant to NRS 426.450(3) and only through his self-serving declaration in the amended complaint to the effect that he had exhausted his administrative remedies in accordance with NRS 426.450 and that he was correctly seeking relief in the district court can it possibly be construed that the district court had jurisdiction. Nevertheless, the district court proceeded to review the decision of the Welfare Division and entered a judgment against the appellants. Although we commend to the respondent and the district court a much closer adherence to the provisions of NRS 426.450(3), we will, for the purpose of this appeal and to secure a just, speedy and inexpensive determination of this action (NRCP 1) consider that the trial court did have jurisdiction to enter judgment.

In reviewing the decision of the Welfare Division, this court is limited to the same scope of review as the district court. It is the function of this court as well as the lower court to review the evidence presented to the board to determine if the board's decision was supported by the evidence, and to ascertain whether that body acted arbitrarily, capriciously or contrary to the law. NRS 426.450(3); Barnum v. Williams, 84 Nev. 37, 436 P.2d 219 (1968); Bd. Chiropractic Exam'rs v. Babtkis, 83 Nev. 385, 432 P.2d 498 (1967).

The major change in the grants to the respondent and his family was due to the Welfare Division's new policy of allocating five-sixths of the family's shelter needs to the aid to dependent children program, and one-sixth to the aid to the blind program. The lower court ruled that this new policy of

district court shall have jurisdiction to review the decision on the record of the case before the welfare division, a copy of which shall be certified as correct by the state welfare administrator and filed by the welfare division with the clerk of the court as part of its answer to any such petition for review. The district court shall either affirm the decision of the welfare division, or, if it concludes that the findings of the welfare division are not supported by evidence or that the welfare division's decision is arbitrary, capricious or otherwise contrary to law, reverse the decision and remand the case to the welfare division for further proceedings in conformity with the decision of the court."

prorating shelter needs was an improper combination of the aid to the blind program with other Welfare Division programs. The lower court erred in this decision inasmuch as NRS 426.-040(2) specifically provides that all aid to a blind recipient is intended to help him meet his individual needs and is not for the benefit of any other person, unless that other individual is a "needy essential person" as defined by the State Welfare Board.[2] The respondent's wife and children were not needy essential persons because their needs were met by the aid to dependent children program. The policy of the Welfare Division in prorating shelter needs is consistent with NRS 426.040 because such a policy provides aid to meet the individual needs of the blind recipient. The respondent asserts that "his individual needs" include the needs of his family, but the legislature has clearly determined that the aid to the blind budget is to be used to provide for the individual needs of the blind recipient, and that other programs be used to satisfy the needs of others. NRS 426.040(2); see NRS 426.030(2).

At the time the appellants decided to withhold from the respondent the privilege of diverting his social security income from the own-resources section of his aid to the blind budget he was a student at the University of Nevada at Las Vegas. As a student, he was engaged in a state-approved plan for achieving self support and special regulations within 42 U.S.C. § 1202,[3] pertaining to the diversion of income, applied. However, the respondent has since graduated from the university and is no longer participating in a plan for achieving self support. Since he no longer comes within the provisions of 42 U.S.C. § 1202 there is no judicable controversy presented nor can effective relief be granted, and it is the duty of this court to dismiss this issue as moot. We have repeatedly refused to render opinions on moot questions or abstract propositions.

[2]NRS 426.040(2): "All money paid to a recipient under NRS 426.010 to 426.500, inclusive, is intended to help him meet his individual needs and is not for the benefit of any other person, except that money may be included in such payment to meet the needs of a needy essential person. The criteria of a 'needy essential person' shall be defined by the state welfare board."

[3]The relevant portions of 42 U.S.C. § 1202 (State Plans for Aid to Blind) read as follows: "(a) A State plan for aid to the blind must . . . (8) provide that the State agency shall, in determining need, take into consideration any other income and resources of the individual claiming aid to the blind, . . . except that, in making such determination, the State agency . . . (B) shall . . . disregard such additional amounts of other income and resources, in the case of an individual who has a plan for achieving self-support approved by the State agency as may be necessary for the fulfillment of such plan. . . ."

Morrow v. Morrow, 62 Nev. 492, 156 P.2d 827 (1945); City of Reno v. District Court, 58 Nev. 325, 78 P.2d 101 (1938); State v. Cohen, 45 Nev. 266, 210 P. 1027 (1921); Edwards v. City of Reno, 45 Nev. 135, 198 P. 1090 (1921); Ex Parte Moriarity, 44 Nev. 164, 191 P. 360 (1920); Ex Parte Ming, 42 Nev. 472, 181 P. 319 (1919); Earl v. Morrison, 39 Nev. 120, 154 P. 75 (1915); Pac. L. Co. v. Mason Val. M. Co., 39 Nev. 105, 153 P. 431 (1915); Foster v. Jones, 35 Nev. 248, 128 P. 986 (1912); State v. Pray, 30 Nev. 206, 94 P. 218 (1908); Wedekind v. Bell, 26 Nev. 395, 69 P. 612 (1902); Haley v. Eureka Co. Bank, 21 Nev. 127, 26 P. 64 (1891); State v. McCullough, 20 Nev. 154, 18 P. 756 (1888). In State v. Pray, supra at 220; City of Reno v. District Court, supra at 328; and in Morrow v. Morrow, supra at 497, this court quoted with approval from Mills v. Green, 159 U.S. 651, 653 (1895): "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." The facts presented in this issue do not afford any reason or justification for this court to take a position contrary to the rule announced in earlier Nevada decisions and give an opinion on a moot question.

In the notification to the respondent dated December 17, 1969, the appellants stated that the decrease in the grant was due to a "New budgetary policy prorating shelter with ADC companion case." The respondent asserted and the lower court held that this was an improper reference to indigency or pauperism in contravention of the provisions of NRS 426.030(1).[4] This explanatory statement contained in the letter did not refer to the respondent as a pauper or an indigent, and no fair reading of it can produce the conclusion that any attempt at demeaning the dignity of this blind individual was intended.

The judgment of the district court is reversed and the case

---

[4]NRS 426.030(1): "No blind person shall be deemed or designated a pauper, an indigent or a public charge because he receives aid or services under this chapter, and no reference to pauperism, indigency or public charge shall be made on any application or other document relating to aid or services to the blind or on any warrant drawn by the state in payment of aid or services to the blind."

is remanded with instructions to the district court to enter an order affirming the decision of the Welfare Division.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.