MARGARET PARSON, APPELLANT, v. GEORGE E. MILLER, STATE WELFARE ADMINISTRATOR; AND THE NEVADA STATE WELFARE BOARD, RESPONDENTS.

No. 7266

March 28, 1974                          520 P.2d 607

B. *Mahlon Brown, III* and *Jack F. Anderson,* Clark County Legal Services Program, for Appellant.

*Robert List,* Attorney General, Carson City, and *Marilyn Romanelli,* Deputy Attorney General, of Las Vegas, for Respondents.

# OPINION

By the Court, BATJER, J.:

On June 1, 1967, the appellant, Margaret Parson, began receiving Aid For Dependent Children (AFDC) benefits under NRS Ch. 425. In May of 1972, that assistance was terminated because the Welfare Division of the Department of Human Resources of the State of Nevada determined that appellant owned real property in Florida of a value exceeding the limits of NRS 425.080(1).[1]

Appellant and S. W. Parson were divorced in 1962. He remarried, and at the time of his death left surviving a widow, Zelma Parson, and their child, as well as the children of his marriage to Margaret. At the time of the divorce, appellant was awarded one-half of the real property located at 2598 N.W. 15th Street, Block 46, lot 4, Washington Park, Fort Lauderdale, Florida. The appellant and S. W. Parson held that property as tenants-in-common at the time of his death. This realty is subject to an encumbrance of $1,800. The assessed value of the property on May 1, 1972 was $4,380.

After her AFDC benefits were terminated, appellant asked for and received a fair hearing in June of 1972. NRS 425.120(2). The hearing officer denied her appeal. Appellant then petitioned the district court for a review of the decision of the welfare division. NRS 425.120(3). The district court affirmed the decision of the welfare division, entered judgment accordingly, and this appeal followed.

In King v. Smith, 392 U.S. 309, 316, 317 (1968), the United States Supreme Court said: "States are not required to participate in the program (AFDC), but those which desire to take advantage of the substantial federal funds available for

---

[1]NRS 425.080(1): "No assistance under this chapter shall be granted or paid to any dependent child who owns, or whose needy relative owns, personal property or marketable non-income-producing real property, the combined cash value of which exceeds $500 at the time application for assistance is made, or while in receipt of such assistance. For each additional dependent child in the same home or in the same family, the $500 limitation herein described may be increased by $150."

distribution to needy children are required to submit an AFDC plan for the approval of the Secretary of Health, Education and Welfare (HEW). 49 Stat. 627, 42 U.S.C. §§ 601, 602, 603 and 604. See Advisory Commission Report, at 21–23.[2] The plan must conform with several requirements of the Social Security Act and with rules and regulations promulgated by HEW. 49 Stat. 627, as amended, 42 U.S.C. § 602 (1964 ed., Supp. II)."

In *King,* the High Court considering the provisions of 42 U.S.C. § 602(a)(7) (1964 ed., Supp. II) stated: "This regulation properly excludes from consideration resources which are merely assumed to be available to the needy individual." 392 U.S. at 319, footnote 16. See also HEW, Handbook of Public Assistance Administration, pt. IV, § 3131, § 7 and §§ 3120, 3123, 3124, 3131(10) and 3131(11).

In Lewis v. Martin, 397 U.S. 552, 555 (1970), the United States Supreme Court again considered what resources could be considered in determining eligibility for assistance, and stated: "[O]nly income and resources that are, in fact, available to an applicant or recipient for current use on a regular basis will be taken into consideration in determining need and the amount of payment."

45 CFR § 233.20(a)(3)(ii)(c) and (d) provides: "[T]hat in establishing financial eligibility . . . (c) only currently available resources will be considered; . . . and (d) income and resources will be reasonably evaluated."

Now we are called upon to determine whether the welfare division, acting by and through its hearing officer at the fair hearing, acted arbitrarily, capriciously and in abuse of its discretion in assuming that the appellant's real property located in Florida was "currently available." Barnum v. Williams, 84 Nev. 37, 436 P.2d 219 (1968). In reviewing the decision of the welfare division we are limited to the same scope of review as the district court. It is our function as well as that of the district court to review the evidence presented to the welfare division at the fair hearing and to determine whether that division of the Department of Human Resources acted arbitrarily, capriciously, or contrary to the law. We must then go one step farther and determine whether error was committed by the district court in affirming the decision of the welfare division. Southwest Gas v. Public Serv. Comm'n, 86 Nev. 662, 474 P.2d 379 (1970); Miller v. West, 88 Nev. 105, 493 P.2d 1332

---

[2]U.S. Advisory Commission Report on Intergovernmental Relations, Statutory and Administrative Controls Associated with Federal Grants for Public Assistance 5–7 (1964).

(1972); Bd. Chiropractic Exam'rs v. Babtkis, 83 Nev. 385, 432 P.2d 498 (1967); No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967).

At the fair hearing, the welfare division's representative, purporting to follow the division's manual,[3] announced that the current availability of the Florida property would have no effect on the agency's decision to terminate. That interpretation is obviously contrary to the pronouncement of the United States Supreme Court and the provisions of the Code of Federal Regulations. King v. Smith, supra; Lewis v. Martin, supra; 45 CFR § 233.20(a)(3)(ii)(c) and (d). The current utility of an asset must be considered in judging the valuation of the property "reserve" described in NRS 425.080(1).

The district court found the appellant to be the "owner of marketable non-income producing real property having a value in excess of $500, which real property is currently available as a resource to petitioners." The record does not support that finding. It would be difficult to imagine a piece of real property less marketable or whose value was less "currently available."

We have, under consideration, a parcel of non-income producing real property, located in the State of Florida and governed by the laws of that state. It is occupied by a widow and her minor child. Its title is purported to be held in co-tenancy with 50 percent belonging to the appellant, as the ex-wife of S. M. Parson, deceased, and 50 percent subject to the dower rights of his widow, and the rights of his minor children. If the decedent's interest in the real property is not subject to probate and has somehow passed, by operation of law, to his widow and his minor children, then any sale or other disposition of the interest of the minor children would be subject to the guardianship laws of the State of Florida.

The record is devoid of any evidence to indicate that the appellant's undivided 50 percent interest is marketable. The record shows that unsuccessful attempts were made to procure a loan against the real property, as well as to sell it. No reasonable person could be expected to purchase the appellant's undivided 50 percent interest, at any price, in light of the obvious state of the title. Furthermore, the hidden legal entanglement that may exist confounds the mind. See Florida Statutes Annotated, Title XIV, Homestead and Exemptions, Ch. 222, and the Florida State Constitution, Art. 10, Sec. 1.

Even if all the legal problems which appear to plague the

---

[3]Nevada State Welfare Division Manual, Sec. 204.22 reads in pertinent part: "To ascertain the personal property resources, the total value less encumbrances is used."

title were to be cleared up, the practical problems of a widow, an ex-wife and the guardians of the minor children, agreeing upon an asking price for the property and procuring a ready, willing and able buyer, are of considerable magnitude. Not to mention approval by the appropriate court in the State of Florida which would be required before the minors' interests could be disposed of. Florida Statutes Annotated §§ 745.05–745.15 and § 744.17.

In one of the letters in evidence, written by Florida counsel to the widow, Zelma Parson, he advised in part: "The circumstances of your title are too complex to try to explain. . . ." That observation indeed sums up the condition of the title to the Florida real property as it existed on May 9, 1972, when the Welfare Division of the Department of Human Resources of the State of Nevada notified the appellant that they intended to terminate her grant under AFDC.

This is a classic case to illustrate the necessity for the standards announced by the United States Supreme Court and the Office of Health, Education and Welfare, allowing only currently available resources to be considered in establishing eligibility for AFDC assistance. King v. Smith, supra; Lewis v. Martin, supra; 45 CFR, § 344.30(a)(3)(ii)(c) and (d). If the minor children of the appellant are otherwise entitled to AFDC assistance it shall not be denied to them upon the possibility that at some future date the Florida property might be marketable.

Although the Nevada State Welfare Manual, Sec. 204.22,[4] provides that the total value, less encumbrances is to be used to ascertain the personal property resources of an applicant for AFDC benefits, that section must be interpreted to mean "currently available" resources in conformity with the HEW Handbook of Public Assistance Administration, pt. IV, § 3131.7. King v. Smith, supra; Lewis v. Martin, supra.[5]

The judgment of the district court entered on the 2nd day of

---

[4]See footnote 3, supra.

[5]If we were to give Nevada State Welfare Manual, Sec. 204.22, the literal interpretation urged by respondent, the regulation would be in violation of the Supremacy Clause of the Constitution of the United States. United States Constitution, Art. VI, Cl. 2.

42 U.S.C.A. § 602(a)(7) of the Social Security Act, reads in part: "(a) A State plan for aid and services to needy families with children must . . .

"(7) except as may be otherwise provided in clause (8), provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual . . . whose

January, 1973, is reversed, and the case is remanded with instructions to the district court to reverse the decision of the Welfare Division of the Department of Human Resources dated May 9, 1972, terminating the appellant's AFDC grant, and to remand the case to the Welfare Division for the purpose of reinstating the appellant, Margaret Parsons, to AFDC benefits under NRS Ch. 425, from the date of termination and for such further proceedings in conformity with such order of the district court and this opinion as may be deemed necessary. NRS 425.120(3).

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.

---

needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income."

The Secretary of HEW is empowered to promulgate regulations consistent with the Social Security Act. 42 U.S.C.A. § 1302.

HEW's regulation provides that only currently available resources will be considered. 45 CFR § 233.20(a)(3)(ii)(c). See Green v. Barnes, 485 F.2d 242 (10th Cir. 1973); Wilczynski v. Harder, 323 F.Supp. 509 (D.Conn. 1971).