VERA COBY, Guardian ad Litem of TRAVIS COBY, Jr., a minor child, LOLA DEAN, ELIZABETH MYERS, ANNIE DAVISON, JEANNIE CARPENTER, MADELYN WARE, Individually and On Behalf of All Others Similarly Situated, Appellants, v. GEORGE E. MILLER, State Welfare Administrator, THE NEVADA STATE WELFARE BOARD, and THE STATE OF NEVADA, Respondents.

No. 8869

January 19, 1977                    559 P.2d 395

*Anthony M. Earl,* President, *James O. Porter,* Director, *Michelle Murphy, Sean R. Bleck,* and *Charles Windon,* Clark County Legal Services, Las Vegas, for Appellants.

*Robert List,* Attorney General, Carson City, and *Marilyn V. Romanelli,* Deputy Attorney General, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The Nevada State Welfare Administrator distributed a statement of proposed benefit cuts and an attendant explanation, specifically, lack of funds, to all recipients of State Aid to the Medically Indigent (identified as SAMI). Protests were lodged with the Welfare Division, that division of the Department of Human Resources of the State of Nevada charged with the responsibility of dispensing such medical aid under NRS 428.-150 et seq. Upon the refusal of the Division to rescind the limitations petitioners commenced litigation to stop the imposition of the restrictions. Their request for preliminary injunctive relief was denied and they appeal.[1]

---

[1] This appeal originally consisted of two claims, one based on the denial of a preliminary injunction and another founded upon the dismissal of the initial complaint for failure to state a cause of action. Pursuant to respondents' unopposed motion to dismiss the second claim on appeal, that portion of this appeal was dismissed by order of this court on June 23, 1976. Only the appeal from the preliminary injunction remains to be resolved.

The power to set reasonable standards for determination of eligibility for medical services and the determination of the nature and extent of such assistance is vested in the Welfare Division under NRS 428.260(4)(a) and 428.260(4)(b). NRS 428.300(1) provides for review of any action taken by the Welfare Division and NRS 428.300(3) expressly allows the district court to reverse a decision of the Division if it is "arbitrary, capricious or otherwise contrary to law." Case law provides the same system of relief for almost all such administrative determinations. Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972).

In this case the SAMI recipients protested cutbacks in their medical aid which the Division by written notice had advised were impending. Explanation was given in various administrative hearings that because of the depletion of funds medical aid had to be placed on an emergency-only basis or money for the entire program would run out. Petitioners suggested that the money be taken from other Welfare Department programs so that the regular medical aid could continue.

We refuse to intervene. This is a legislative funding matter and we perceive no action or conduct on the part of the Welfare Division that was arbitrary, capricious or contrary to law. The Division had no alternative but to provide only for emergency cases or run out of funds.

Petitioners' prayer for relief is denied.

Affirmed.