CITY OF LAS VEGAS, A MUNICIPAL CORPORATION; AND JERRY CAHILL IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE DEPARTMENT OF BUSINESS ACTIVITY FOR THE CITY OF LAS VEGAS, APPELLANTS, *v.* SUNWARD SALES, INC., RESPONDENT.

No. 13664

April 28, 1982                                                      643 P.2d 1207

*George F. Ogilvie,* City Attorney; *Janson F. Stewart,* Chief Deputy City Attorney, Las Vegas, for Appellants.

*Bilbray & Gibbons,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent has moved this court to dismiss this appeal on

the ground that the issues presented are moot. On August 6, 1981, respondent Sunward Sales filed an application with the Las Vegas Department of Business Activity seeking to obtain a license to engage in the business of selling timeshares in vacation dwelling units. Shortly after respondent filed its application, a new ordinance governing the licensing of timeshare businesses was introduced to the Las Vegas Board of Commissioners. Respondent's application for a business license was held in abeyance by the Department of Business Activity pending the adoption of this new ordinance.

Thereafter, on October 6, 1981, respondent filed a petition for a writ of mandamus in district court seeking to compel appellants to grant a license. On October 12, 1981, the director of the Department of Business Activity notified respondent that the application for a license was denied because the new ordinance was due for adoption on October 21, 1981, and because the ordinance contained a comprehensive set of regulations for this type of business.

The hearing in district court on the petition was held on October 20, 1981; the new ordinance was adopted on October 21, 1981; and the district court's order granting respondent's writ, and compelling the city to issue a license to respondent under the former ordinance, was entered October 22, 1981.

Thereafter, this court issued an order staying the writ of mandamus below pending the disposition of this appeal.

Respondent contends in its motion to dismiss this appeal that the issues presented are moot because of the adoption of the new timeshare ordinance, Las Vegas Municipal Code ch. 47, Title V (October 21, 1981). Appellants agree that this matter is now moot. The parties disagree, however, as to the appropriate remedy. Respondent contends that this court should simply dismiss this appeal, while appellants contend that the district court's writ must be summarily reversed.

A dismissal of this appeal would leave the district court's writ of mandamus in full force. All parties agree that respondent is not presently entitled to a business license. Indeed, respondent specifically concedes that it must comply with the new ordinance if it wishes to obtain a business license.[1] Under these circumstances, we must dispose of the entire proceeding, not merely the appeal. *See* La Salle Nat. Bank v. City of Chicago, 121 N.E.2d 486 (Ill. 1954); *see also* Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972). Accordingly, we reverse the

---

[1]The new ordinance requires all persons, whether or not formerly licensed, to comply with the new scheme of regulations. Respondent has not challenged this requirement.

order of the district court granting a writ of mandamus and awarding attorney fees, and we remand with instructions to dismiss the proceedings below.

Reversed and remanded.